# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# CASE NO. 9:18-CV-80267-ROSENBERG/REINHART

LOREN RODRIGUEZ,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION IN LIMINE

**THIS CAUSE** is before the Court on Defendant's Motion in Limine [DE 30]. The Court has carefully considered the Motion, Plaintiff's Response [DE 32], Defendant's Reply [DE 36], and the record, and is otherwise fully advised in the premises. For the reasons set forth below, Defendant's Motion in Limine is **GRANTED**.

### I. Motion to Exclude Testimony by Treating Physicians

Defendant moves to exclude any testimony by Plaintiff's treating physicians, testifying as lay witnesses, "which exceeds the treating process, such as evidence about causation, damages, Plaintiff's prognosis, the likelihood of future treatment, etc." DE 30 at 4-7. Plaintiff argues that Defendant's motion "overreaches somewhat in the exclusions it seeks." DE 32 at 2-4.

"A treating physician providing lay testimony can testify narrowly, limited to personal knowledge resulting from providing medical care, involving consultation, examination, or treatment of a patient plaintiff." *Chapman v. Procter & Gamble Distrib., LLC*, 766 F.3d 1296, 1316 n.23 (11th Cir. 2014). "This testimony may include opinions related to causation and prognosis, so long as those opinions stem from treatment of a party as a patient and involve observations the doctor made during the course of that treatment." *Wademan v. United States*, No. 16-CV-10002, 2017 WL 7794322, at *2 (S.D. Fla. May 17, 2017); *see also Jones v. Royal*

*Caribbean Cruises, Ltd.*, No. 12-20322-CIV, 2013 WL 8695361, at *5 (S.D. Fla. Apr. 4, 2013) ("Treating physicians commonly consider the cause of any medical condition presented in a patient, the diagnosis, the prognosis, and the extent of disability, if any, caused by the condition or injury." (quotation marks omitted)).

However, "when a treating physician's testimony is based on a hypothesis, not the experience of treating the patient, it crosses the line from lay to expert testimony," and must comply with the requirements for expert testimony. *Williams v. Mast Biosurgery USA, Inc.*, 644 F.3d 1312, 1317-18 (11th Cir. 2011). "[T]he ability to answer hypothetical questions is the essential difference between expert and lay witnesses." *United States v. Henderson*, 409 F.3d 1293, 1300 (11th Cir. 2005) (alteration and quotation marks omitted) (concluding that a treating physician's testimony about the cause of injuries went beyond permissible lay testimony when the testimony about causation was a hypothesis and when a determination about the cause was unnecessary to treat the injuries).

It is undisputed that Plaintiff has not disclosed her treating physicians as expert witnesses. Consequently, the treating physicians' testimony is limited to their personal knowledge and observations resulting from Plaintiff's course of treatment. *See Chapman*, 766 F.3d at 1316 n.23. To the extent that Plaintiff may seek to elicit testimony that exceeds her treating physicians' personal knowledge and observations, the Court grants the Motion in Limine and excludes such testimony. The Court cannot, however, conclude at this stage that all testimony concerning "causation, damages, Plaintiff's prognosis, [and] the likelihood of future treatment" exceeds the bounds of permissible lay testimony and must be excluded. *See* DE 30 at 4. More specific objections concerning the scope of the treating physicians' testimony may be addressed during trial. *See Jones*, 2013 WL 8695361, at *6 (stating that "the exact boundaries of the

treating physician's testimony may need to be addressed with specific objections to specific testimony in the context of trial" (alteration and quotation marks omitted)).

## II. Motion to Exclude Evidence of Lost Wages

Defendant moves to exclude any evidence on a lost-wage claim. DE 30 at 7-8. Plaintiff acknowledges that she is not seeking damages for lost wages and that the Motion in Limine should be granted on this point. DE 32 at 2. Accordingly, the Court grants the Motion in Limine, and Plaintiff shall not introduce any evidence on a lost-wage claim.

## III. Conclusion

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Defendant's Motion in Limine [DE 30] is **GRANTED**.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 24th day of January, 2019.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of record